IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILSON GORRELL,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV211-213

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Wilson Gorrell ("Gorrell"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Gorrell filed a Traverse and a supplement to his Traverse. For the reasons which follow, Gorrell's petition should be **DENIED**.

## STATEMENT OF THE CASE

Gorrell is serving a 97-month sentence for unlawful possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), concurrently with a 120-month sentence for distribution and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. (Doc. No. 9-1, pp. 2–3). His projected good conduct time release

date is May 12, 2014, and his home detention eligibility date is November 12, 2013. (Doc. No. 9-1, p. 2).

Following a hearing conducted by a Disciplinary Hearing Officer, Gorrell was found guilty of testing positive for cannabinoids via a urine test. (Doc. No. 1, pp. 10–11). As a result, Gorrell was subjected to discipline in the form of assignment to the Special Housing Unit (also known as "segregation"), loss of good conduct time, and loss of visitation rights for one year with permanent loss of visits from anyone not an immediate family member. (Doc. No. 1, p. 11). Gorrell alleges that medication he was taking, ATRIPLA, caused a false-positive drug test result for cannabinoids. (Doc. No. 1, p. 10).

In the instant petition, Gorrell seeks: (1) to have the disciplinary charge expunged, (2) forty days of good conduct time restored, (3) additional good conduct time equal to the number of days he spent in disciplinary segregation, and (4) either reinstatement in the Residential Drug Addiction Program ("RDAP") group from which he was expelled or a one-year reduction of sentence he claims he would otherwise have earned. (Doc. No. 1, p. 35). Gorrell avers that he is entitled to his requested relief because the disciplinary actions that resulted in his loss of good conduct time, expulsion from the RDAP, and placement in segregation violated his due process rights.[1]

## DISCUSSION AND CITATION OF AUTHORITY

Gorrell's petition fails to clearly state why he contends that his due process rights were violated by the disciplinary action taken against him. He provides lengthy

---

[1] Gorrell also alleges violations of the Rehabilitation Act and Americans with Disabilities Act. As Gorrell correctly states, these acts prohibit discrimination based on disability. Claims of civil rights violations are not appropriate in a § 2241 petition. Gorrell has already brought these claims in a separate action brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Gorrell v. Haynes, CV211-129.

recitations of case law, which the Respondent has construed as three separate arguments. The Court agrees with the Respondent's characterization of Gorrell's arguments in support of his petition and will address Gorrell's arguments in the same order as the Respondent.

## A. Gorrell's claim that disciplinary procedures were not followed

Gorrell's petition provides a recitation of law regarding disciplinary procedures, which culminates in his citing a 1991 Court of Appeals for the Third Circuit case, which he states found that Bureau of Prisons ("BOP") regulations codify the procedural requirements stated in Wolff v. McDonnell, 418 U.S. 539 (1974). Respondent construed this paragraph as a claim that Gorrell was denied due process in relation to the procedures relating to the disciplinary action taken against him.

A prisoner has a protected liberty interest in statutory good time credits, and, therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are denied or taken away. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff, 418 U.S. at 555–57). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him, (2) is given the opportunity to call witnesses and present documentary evidence, and (3) receives a written statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Court of Appeals for the Eleventh Circuit has determined that an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992).

Each of the Wolff factors was met as to Gorrell. Gorrell received notice of the disciplinary hearing on June 23, 2011, giving him seven days advance notice. (Doc.

3

AO 72A
(Rev. 8/82)

recitations of case law, which the Respondent has construed as three separate arguments. The Court agrees with the Respondent's characterization of Gorrell's arguments in support of his petition and will address Gorrell's arguments in the same order as the Respondent.

## A. Gorrell's claim that disciplinary procedures were not followed

Gorrell's petition provides a recitation of law regarding disciplinary procedures, which culminates in his citing a 1991 Court of Appeals for the Third Circuit case, which he states found that Bureau of Prisons ("BOP") regulations codify the procedural requirements stated in Wolff v. McDonnell, 418 U.S. 539 (1974). Respondent construed this paragraph as a claim that Gorrell was denied due process in relation to the procedures relating to the disciplinary action taken against him.

A prisoner has a protected liberty interest in statutory good time credits, and, therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are denied or taken away. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff, 418 U.S. at 555–57). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him, (2) is given the opportunity to call witnesses and present documentary evidence, and (3) receives a written statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Court of Appeals for the Eleventh Circuit has determined that an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992).

Each of the Wolff factors was met as to Gorrell. Gorrell received notice of the disciplinary hearing on June 23, 2011, giving him seven days advance notice. (Doc.

Nos. 9-6, p. 1, and 9-8, p. 1). Gorrell was advised of his right to call witnesses, and he elected to not call any. (Doc. Nos. 9-6, pp. 1–2, and 9-8, p. 2). Gorrell did present documentary evidence, via his staff representative, which he believed supported his position. (Doc. No. 9-8, pp. 2, 4). Gorrell received a copy of the Disciplinary Hearing Officer's Report, which set forth his findings of fact. (Doc. No. 9-8, p. 5). Finally, Gorrell attended his disciplinary hearing, an opportunity required by Battle, and was even accompanied by a staff representative. (Doc. No. 9-8, p. 1). Gorrell received the due process to which he was entitled with regard to the disciplinary hearing procedures.

**B. Gorrell's claim that the Disciplinary Hearing Officer's decision was not properly supported**

Gorrell claims that "[t]here are extremely important facts and evidentiary material that have been deliberately ignored by the BOP" in violation of Viens v. Daniels, 871 F.2d 1328, 1336 n.2 (7th Cir. 1989) (stating that "[a] prison disciplinary body may not arbitrarily refuse to consider exculpatory evidence offered by a prisoner simply because the record already contains the minimal evidence suggesting guilt required by [Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445 (1985)]"). (Doc. No. 1, p. 29). Gorrell alleges only one such deficiency: he claims that no one has reviewed the actual laboratory findings.[2] (Id.).

The Disciplinary Hearing Officer's Report clearly states that the Laboratory Report from National Toxicology Laboratories, Inc., dated June 17, 2011, was considered. (Doc. No. 9-8, pp. 2, 3). Additionally, the Report states that National Toxicology Laboratories, Inc. was contacted and that a toxicologist at the laboratory

---

[2] It should be noted that the Laboratory Report from National Toxicology Laboratories, Inc. is not exculpatory in nature. (Doc. No. 9-8, p. 7).

4

confirmed that ATRIPLA would not produce a false positive result at the laboratory. (Doc. No. 9-8, p. 3). Furthermore, the Disciplinary Hearing Officer considered Gorrell's statement regarding his lack of use of marijuana and the materials submitted by Gorrell's staff representative on Gorrell's behalf. (Doc. No. 9-8, pp. 3–4). The Disciplinary Hearing Officer did not violate the mandate announced in Viens.

In addition to the Disciplinary Hearing Officer's compliance with Viens, it should be noted that his decision was properly supported. In Hill, the Supreme Court stated that in order for a revocation of good conduct time to properly comport with the minimum requirements of procedural due process, "the findings of the prison disciplinary board [must be] supported by some evidence in the record." Hill, 472 U.S. at 454.

The Disciplinary Hearing Officer's Report states that the Laboratory Report from National Toxicology Laboratories, Inc. shows that Gorrell's urine specimen tested positive for cannabinoids. (Doc. No. 9-8, pp. 3, 7). Additionally, the Report states that National Toxicology Laboratories, Inc. was contacted and that a toxicologist at the laboratory confirmed that ATRIPLA would not produce a false positive result at the laboratory. (Id.). Furthermore, the Disciplinary Hearing Officer considered two statements from FSL Jesup pharmacist N. Watson stating that the test used by National Toxicology Laboratories, Inc. "is the 'gold standard' for substance identification."[3] (Doc. No. 9-8, p. 3). The Disciplinary Hearing Officer's finding of guilt on the charge of use of narcotics was supported by some evidence, as required by Hill.

---

[3] Gorrell asserts that National Toxicology Laboratories, Inc. is not required to adhere to the procedures that constitute the "Gold Standard" when conducting tests on prisoner specimens. (Doc. No. 17, pp. 1–3). Even without the statements from FSL Jesup pharmacist N. Watson, the Disciplinary Hearing Officer's finding was supported by some evidence, as required by Hill.

### C. Gorrell's claim regarding an "atypical and significant hardship"

Gorrell's petition, citing Sandin v. Conner, 515 U.S. 472 (1995), provides a recitation of law regarding two classes of situations wherein the Supreme Court has determined that the protections of the due process clause are invoked because deprivation of a liberty interest is at stake. Respondent construed this paragraph as a claim that Gorrell was denied due process as a result of the punishments he received following the Disciplinary Hearing Officer's determination of guilt. However, citing Sandin should not be construed as making a claim that the punishments violated the due process clause. Instead, Sandin stands for the proposition that when certain punishments are to be imposed, a liberty interest is at stake entitling the inmate to the procedural protections articulated in Wolff.

In Sandin, the Court recognized its earlier determination that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483–84 (citations omitted). (Doc. No. 1, p. 28). The Court went on to state that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest[,]" and, therefore, the prisoner was not entitled to the procedural protections articulated in Wolff. Id. at 486, 487.

AO 72A
(Rev. 8/82)

In addition to deprivation of a benefit that "imposes atypical and significant hardship," inmates are afforded <u>Wolff</u> procedural protections "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court." <u>Kirby v. Siegelman</u>, 195 F.3d 1285, 1291 (11th Cir. 1999) (citing <u>Sandin</u>, 515 U.S. at 484). (Doc. No. 1, p. 28). The Eleventh Circuit then cited <u>Sandin</u> for the proposition that prisoners may not be deprived of statutory good conduct time credits without receiving due process. <u>Id.</u> See also <u>Wolff</u>, 418 U.S. at 557 (finding that an inmate is entitled to procedural due process when deprivation of statutorily entitled good conduct time is at stake); <u>O'Bryant</u>, 637 F.3d at 1213 (citing <u>Wolff</u>, 418 U.S. at 555–57).

Gorrell's claims brought under <u>Sandin</u> and <u>Kirby</u> are simply a re-packaging of his previous claim brought under <u>Wolff</u>. Respondent concedes that Gorrell was entitled to procedural due process as articulated in <u>Wolff</u>. And, as determined above, Gorrell received that due process.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Gorrell's § 2241 petition be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 31st day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

7