IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILSON GORRELL,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV211-213

## ORDER

Petitioner Wilson Gorrell ("Gorrell") filed Objections to the Magistrate Judge's Report dated May 31, 2012, which recommended that Gorrell's 28 U.S.C. § 2241 petition be denied. In his § 2241 petition, Gorrell asserted that he is innocent of the charges that led to disciplinary action against him and that his due process rights were violated because the evidence used to determine his guilt in the disciplinary action was not properly weighed.[1] The Magistrate Judge determined that Gorrell received the due process to which he was entitled with regard to the disciplinary hearing procedures and that the decision of the Disciplinary Hearing Officer ("DHO") was properly supported. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

---

[1] Following a hearing conducted by a Disciplinary Hearing Officer, Gorrell was found guilty of testing positive for cannabinoids via a urine test. (Doc. No. 1, pp. 10–11). As a result, Gorrell was subjected to discipline in the form of assignment to the Special Housing Unit (also known as "segregation"), loss of good conduct time, and loss of visitation rights for one year with permanent loss of visits from anyone not an immediate family member. (Doc. No. 1, p. 11).

AO 72A
(Rev. 8/82)

In his Objections, Gorrell avers that the Magistrate Judge applied the wrong standard to determine whether the decision of the DHO was properly supported. (Doc. No. 21, p. 2). Citing Bureau of Prisons Program Statement 5270.09 and 28 C.F.R. § 541.17(f), Gorrell correctly states that the decision of the DHO must be based on the greater weight of the evidence. This Court is not responsible for reweighing the evidence presented during Gorrell's disciplinary hearing. Instead, with regard to the sufficiency of the evidence, this Court must determine whether the DHO's decision, that the greater weight of the evidence supported a finding of guilt, was supported by some evidence in the record. <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 454 (1985). The Magistrate Judge determined that the DHO's decision (that the greater weight of the evidence supported a finding of guilt) was properly supported by some evidence in the record. The DHO's Report states that the Laboratory Report from National Toxicology Laboratories, Inc. shows that Gorrell's urine specimen tested positive for cannabinoids. (Doc. No. 9-8, pp. 3, 7). Additionally, the Report states that National Toxicology Laboratories, Inc. was contacted and that a toxicologist at the laboratory confirmed that ATRIPLA would not produce a false positive result at the laboratory. (<u>Id.</u>). Furthermore, the DHO considered two statements from FSL Jesup pharmacist N. Watson stating that the test used by National Toxicology Laboratories, Inc. "is the 'gold standard' for substance identification."[2] (Doc. No. 9-8, p. 3). The undersigned agrees with the Magistrate Judge's determination that the decision of the

---

[2] Gorrell asserts that National Toxicology Laboratories, Inc. is not required to adhere to the procedures that constitute the "gold standard" when conducting tests on prisoner specimens. (Doc. No. 17, pp. 1–3, No. 21 pp. 2–3, 5–6). Even without the statements from FSL Jesup pharmacist N. Watson, the DHO's finding was supported by some evidence, as required by <u>Hill</u>.

2

AO 72A
(Rev. 8/82)

DHO (that the greater weight of the evidence supported a finding of guilt) was supported by some evidence in the record, as required by Hill.

Citing Baxter v. Palmigiano, 425 U.S. 308 (1976), Gorrell asserts that the DHO "is also required to consider all the evidence, even evidence he is or should have been aware of." (Doc. No. 21, p. 2). Gorrell correctly states that the Court in Baxter determined that the DHO is not required to make his determination based solely upon the evidence presented at the hearing. See Baxter, 425 U.S. at 232 n.5. However, that does not mean that the DHO is required to consider "evidence" not presented at the hearing about which he "should have been aware." Gorrell is correct, however, that the DHO "shall consider all evidence presented at the hearing." 28 C.F.R. § 541.17(f). Gorrell asserts that the DHO did not consider evidence that was exculpatory in nature. (Doc. No. 21, pp. 2–7). Contrary to Gorrell's assertion, the DHO considered all evidence presented at the disciplinary hearing. (Doc. No. 9-8).

Gorrell also argues, in his Objections, that he has suffered "atypical and significant hardships" as a result of the disciplinary action taken against him. (Doc. No. 21, pp. 7–9). As the Magistrate Judge discussed, the Supreme Court has determined that when a prisoner faces "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life[,]" the prisoner is entitled to due process protections. Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Magistrate Judge found that Gorrell received the due process to which he was entitled. (Doc. No. 19, pp. 3–5). The undersigned agrees with the Magistrate Judge's findings.

AO 72A
(Rev. 8/82)

Gorrell's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. Gorrell's 28 U.S.C. § 2241 petition is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 15 day of June, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)