IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILSON GORRELL,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV211-213

## ORDER

Petitioner Wilson Gorrell ("Gorrell") filed a Motion for Indicative Ruling, pursuant to Federal Rule of Civil Procedure 62.1, seeking an Order from this Court indicating that it would, if it had authority, grant the relief he requested in his petition for habeas corpus, which he filed pursuant to 28 U.S.C. § 2241.[1] In his § 2241 petition, Gorrell asserted that he is innocent of the charges that led to disciplinary action against him and that his due process rights were violated because the evidence used to determine his guilt in the disciplinary action was not properly weighed.[2] The Magistrate Judge

---

[1] Federal Rule of Civil Procedure 62.1 is intended to be used in conjunction with a separate motion seeking relief, such as a Rule 60(b) motion to vacate a judgment that is pending on appeal. See FED. R. CIV. P. 62.1 Advisory Committee Notes. Gorrell has not filed such a motion. According to Rule 62.1, if Gorrell had filed a Rule 60(b) motion, which this Court could not grant absent remand from the Court of Appeals for the Eleventh Circuit, this Court would have the authority to defer considering such a motion, deny such a motion, or give an "indicative ruling" (i.e., state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue) on such a motion. Id. The Court will consider Gorrell's Motion for Indicative Ruling filed pursuant to Rule 62.1 as if Gorrell had filed a motion to vacate the judgment pursuant to Rule 60(b) because Gorrell makes arguments in support of a Rule 60(b) motion in the instant Motion.

[2] Following a hearing conducted by a Disciplinary Hearing Officer, Gorrell was found guilty of testing positive for cannabinoids via a urine test. (Doc. No. 1, pp. 10–11). As a result, Gorrell was subjected to discipline in the form of assignment to the Special Housing Unit (also known as "segregation"), loss of

determined that Gorrell received the due process to which he was entitled with regard to the disciplinary hearing procedures and that the decision of the Disciplinary Hearing Officer ("DHO") was properly supported. By Order dated June 15, 2012, the undersigned adopted the Magistrate Judge's Report and denied Gorrell's § 2241 petition. Gorrell has appealed the denial of his petition to the Court of Appeals for the Eleventh Circuit, divesting this Court of any authority to grant the relief requested in his petition. In the instant Motion, Gorrell asks this Court to indicate that it would, if it had authority, grant the relief he requested in his petition and argues that new evidence supports a finding that the DHO's decision was not properly supported.

In his § 2241 petition, Gorrell argued that the DHO's decision was not properly supported. Specifically, Gorrell argued that one piece of evidence used to find him guilty of testing positive for cannabinoids via a urine test, the laboratory report from National Toxicology Laboratories, Inc., was invalid. Additionally, Gorrell argued that the DHO did not review the actual laboratory report, but instead, reviewed a memo from National Toxicology Laboratories, Inc.[3] In the instant Motion, Gorrell avers that newly discovered evidence supports his previous argument that the laboratory report lacks integrity and validity.

Gorrell asserts that he has obtained the actual laboratory report from National Toxicology Laboratories, Inc. Gorrell concedes that the report shows that his urine sample tested positive for 11 ng/ml of tetrahydrocannabinol, the primary psychoactive

---

good conduct time, and loss of visitation rights for one year with permanent loss of visits from anyone not an immediate family member. (Doc. No. 1, p. 11).

[3] As the Magistrate Judge noted in his Report, the DHO's Report clearly states that the laboratory report from National Toxicology Laboratories, Inc., dated June 17, 2011, was considered. (Doc. No. 9-8, pp. 2, 3).

2

compound in cannabis, and that the "cutoff level for the [Bureau of Prisons] is 4 ng/ml."[4] (Doc. No. 41, p. 2). However, Gorrell avers that "David Graham, Ph.D. at Johns Hopkins Hospital in Baltimore," Maryland, reviewed the laboratory report and concluded that the testing was subject to contamination and recommended that the urine sample be re-tested. (Doc. No. 41, p. 3). Gorrell also asserts that interrogatory responses from National Toxicology Laboratories, Inc. and its employees, obtained via discovery in Gorrell's lawsuit against National Toxicology Laboratories, Inc., show that the laboratory report lacks integrity.

In order for a revocation of good conduct time to properly comport with the minimum requirements of procedural due process, "the findings of the prison disciplinary board [must be] supported by some evidence in the record." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). Gorrell correctly argues that the Court of Appeals for the Ninth Circuit held that the "some evidence" standard is not met if there is not "some indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (citing Kyle v. Hanberry, 677 F.2d 1386, 1390–91 (11th Cir. 1982)). In both Cato and Kyle, the evidence forming the basis for prison disciplinary action was a hearsay statement by a confidential informant. Both courts decided that the evidence was unreliable and did not meet the Hill standard. The Eleventh Circuit explained in Kyle that when a disciplinary decision is based upon hearsay from an unidentified informant, the DHO must "undertake in good faith to establish the informant's reliability[.] . . . There must be some information on the record from which a tribunal can

---

[4] Gorrell notes that the "cutoff" of 4 ng/ml is much lower than "the DHHS/SAMHSA standard of 15 ng/ml" and seemingly argues that the Bureau of Prisons "cutoff" is improper. (Doc. No. 41, p. 2).

3

reasonably conclude that the [DHO] undertook such an inquiry and, upon such inquiry, concluded that the informant was reliable." Kyle, 677 F.2d at 1390. The court determined that nothing in the record showed that the disciplinary board made any inquiry into the informant's reliability and that the evidence, therefore, did not meet the Hill standard. Id. at 1390-91.

The primary evidence used to determine Gorrell's guilt, a memo[5] describing the laboratory report from National Toxicology Laboratories, Inc., does not possess the same inherent questionable reliability as a hearsay statement by an unidentified informant. However, even assuming that it did, the DHO who determined Gorrell's guilt still met the standard announced in Kyle for determining reliability of evidence. The DHO's Report states that the laboratory report from National Toxicology Laboratories, Inc. shows that Gorrell's urine specimen tested positive for cannabinoids. (Doc. No. 9-8, pp. 3, 7). Additionally, the Report states that National Toxicology Laboratories, Inc. was contacted and that a toxicologist at the laboratory confirmed that ATRIPLA, Gorrell's medicine, would not produce a false positive result at the laboratory. (Id.). Furthermore, the DHO considered two statements from Federal Satellite Low Jesup pharmacist N. Watson stating that the test used by National Toxicology Laboratories, Inc. "is the 'gold standard' for substance identification."[6] (Doc. No. 9-8, p. 3). It is clear from the record in Gorrell's case that the DHO undertook an inquiry into the reliability of

---

[5] The DHO's Report clearly states that the laboratory report from National Toxicology Laboratories, Inc., dated June 17, 2011, was considered. (Doc. No. 9-8, pp. 2, 3). However, Gorrell asserts that only a memo describing the laboratory report was considered. For the purpose of the instant Motion, the Court will presume Gorrell's version of the facts is true because, even using Gorrell's version, the DHO's decision was properly supported.

[6] Gorrell asserts that National Toxicology Laboratories, Inc. is not required to adhere to the procedures that constitute the "gold standard" when conducting tests on prisoner specimens. (Doc. No. 17, pp. 1–3). Even without the statements from Watson, the DHO's finding was supported by some credible evidence, as required by Hill and Kyle.

4

the laboratory report and, upon such inquiry, concluded that the report was reliable. Consequently, the DHO's decision is supported by "some evidence," as required by Hill.

Had Gorrell filed a motion to vacate the judgment that is pending on appeal pursuant to Rule 60(b), that motion would have been denied. To the extent that Gorrell intended to bring such a motion within the instant Motion for Indicative Ruling, Gorrell's Motion is **DENIED**.

**SO ORDERED**, this 17 day of January, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA