IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILSON GORRELL,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV211-213

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Wilson Gorrell ("Gorrell"), who was formerly incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Gorrell filed a Traverse and a supplement to his Traverse. The undersigned recommended that Gorrell's petition be denied because there was "some evidence" supporting the disciplinary hearing officer's ("DHO") determination, in accordance with Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445 (1985). (Doc. No. 19, pp. 4–5). The Honorable Lisa Godbey Wood adopted this recommendation over Gorrell's objections and dismissed Gorrell's petition. (Doc. Nos. 23, 24). Gorrell filed an appeal with the Eleventh Circuit Court of Appeals.

On appeal, the Eleventh Circuit determined that this Court failed to address Gorrell's contention that he was entitled to have the DHO consider the actual toxicology results at his disciplinary hearing. (Doc. No. 44, p. 8). The Eleventh Circuit also

determined that this Court did not comply with Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992), as extended to section 2241 petitions in Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843 (11th Cir. 2011). The Eleventh Circuit vacated a portion of this Court's decision and remanded with instructions to address Gorrell's claim that he was entitled to a review of the actual toxicology results underlying his positive drug test. (Doc. No. 44, p. 9).

The undersigned directed the parties to address whether Gorrell was entitled to review the toxicology results underlying his positive drug test during the disciplinary proceedings. The undersigned also directed the parties to advise the Court of what effect, if any, Gorrell's potential entitlement to review these results may have had on the disciplinary proceedings. The parties responded to the undersigned's directives.

## DISCUSSION AND CITATION OF AUTHORITY

Gorrell asserts that the DHO may not have been aware of evidence that Gorrell's specimen was contaminated at the time of the hearing, as this evidence was not in existence at the time.[1] Gorrell also asserts that he has brought to the Court's attention case law which supports his contention that the evidence subjected to review is not limited to evidence reviewed at the time of the hearing. Gorrell seeks a reduction in his supervised release period, as he has been released to a halfway house and his full release date is May 12, 2014.

Respondent contends that Gorrell fails to show that his due process rights were violated because he did not have the opportunity to review the results of his urinalysis

---

[1] Gorrell's pleading focuses mainly on the contract between the Bureau of Prisons ("BOP") and National Toxicology Laboratories, Inc., and the testing protocol in place as a result of this contract. Any assertions in this regard go beyond the scope of the Eleventh Circuit's remand and the undersigned's directives in his December 2, 2013, Order. Accordingly, the undersigned will not address those statements contained in Gorrell's pleading.

2

during the disciplinary proceedings. Respondent asserts that there is no evidence that the DHO relied upon information he knew was false in finding Gorrell guilty. Respondent also asserts that there is no evidence that prison officials had the complete toxicology report at the time the DHO rendered his decision or that this report was suppressed. Respondent alleges that, in any event, this report was not favorable to Gorrell, and he has not shown that his ability to review this report would have changed the outcome of the disciplinary proceedings.

A prisoner has a protected liberty interest in statutory good time credits, and, therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are denied or taken away. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him, (2) is given the opportunity to call witnesses and present documentary evidence, and (3) receives a written statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Court of Appeals for the Eleventh Circuit has determined that an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985)). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of

3

the credibility of witnesses, or weighing of the evidence." Smith, 432 F. App'x at 845. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. App'x 752, 757 (11th Cir. 2006) (internal citation omitted). In addition, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id. Further, "nothing in Wolff or its progeny constitutionally require[s] providing" an inmate with a copy of any test results prior to a disciplinary proceedings. Id.

Without repeating this Court's previous findings, Gorrell's right to due process was not violated when he did not have the opportunity to review the results of the toxicology report. The DHO's finding that Gorrell was guilty was supported by "some evidence", including the laboratory report and confirmation of the accuracy of the laboratory report. (Doc. No. 19, pp. 4–6). The undersigned is aware of no constitutional requirement that Gorrell was entitled to review of the actual toxicology results underlying his positive drug test, and Gorrell points to no case law suggesting that such is a constitutional requirement. Gorrell wishes to have this Court reweigh the evidence presented at the disciplinary hearing. However, even if this Court were permitted to do so, there is nothing before the Court indicating that the results of the disciplinary hearing should or would be any different. Gorrell has not shown that his right to due process was violated, and he is not entitled to his requested relief.[2]

---

[2] See Doc. Nos. 19 and 23 for a complete discussion of Gorrell's due process claims which the Eleventh Circuit has already upheld. (Doc. No. 44).

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the portion of Gorrell's 28 U.S.C. § 2241 petition relating to his alleged entitlement to review the actual toxicology results be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 31st day of March, 2014.

*/s/ James E. Graham*
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)